United States District Court
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   JAMES DIAS,                                No. C 11-01966 WHA

11            Plaintiff,

12      v.                                      **ORDER GRANTING MOTION
                                                TO DISMISS AND DENYING AS
13   CITY OF SAN LEANDRO, the SAN               MOOT MOTION FOR A MORE
     LEANDRO POLICE DEPARTMENT, and             DEFINITE STATEMENT**
14   OFFICER DENNIS MALLY, individually and
     in his official capacity as police officer for
15   SAN LEANDRO,

16            Defendants.

17   _____/

18                           **INTRODUCTION**

19        In this Section 1983 action, defendants City of San Leandro and the San Leandro Police

20   Department move to dismiss plaintiff James Dias's complaint pursuant to Rule 12(b)(6) or

21   alternatively for a more definite statement pursuant to Rule 12(e).  Defendants also request that

22   the Court strike plaintiff's prayer for punitive damages.  For the following reasons, defendants'

23   motion to dismiss is **GRANTED**, defendants' motion for a more definite statement is **DENIED AS**

24   **MOOT**, and defendants' request to strike plaintiff's prayer for punitive damages is **GRANTED**.

25                            **STATEMENT**

26        The following facts are taken from the complaint: On May 22, 2010, defendant Officer

27   Dennis Mally of the San Leandro Police Department responded to a complaint of loud music

28   coming from the home of plaintiff James Dias.  Hearing no music, Officer Mally asked plaintiff

     and a guest to keep any music and their voices at a low volume.  Plaintiff asked Officer Mally

United States District Court

For the Northern District of California

1   to leave his property, whereupon Officer Mally called for back-up.  When plaintiff attempted to

2   re-enter his home, Officer Mally then allegedly grabbed plaintiff's wrist, threw him to the

3   ground, and placed him under arrest.  After two of plaintiff's guests told Officer Mally to

4   release plaintiff, Officer Mally allegedly "began applying extreme force" to plaintiff.  One or

5   more other, unidentified officers were apparently present and physically engaged plaintiff.

6   Plaintiff alleges that multiple officers used "great physical violence" against him and that he

7   was tased by the officers.  Plaintiff allegedly suffered "severe injuries to his face and body in

8   the struggles with the officers" (First Amd. Compl. ¶¶ 8–18).  Plaintiff filed his complaint in

9   April 2011.

10          Plaintiff alleges that defendants, the City of San Leandro and the San Leandro Police

11  Department, were negligent in their particular conduct with plaintiff, and that defendants

12  negligently failed to adequately train, supervise, and discipline SLPD officers, leading to

13  plaintiff's injuries.  Plaintiff also alleges that there existed an "informal custom, policy, or

14  practice" of allowing SLPD officers to perpetrate the type of conduct plaintiff alleges

15  (*id.* ¶¶ 18–21).

16          Plaintiff asserts five claims under 42 U.S.C. 1983 and four state-law claims.  Plaintiff

17  alleges four constitutional claims under Section 1983 for violation of plaintiff's Fourth and

18  Fourteenth Amendment rights against: (1) unreasonable searches and seizures, (2) unlawful

19  seizure (detention), (3) unlawful seizure (arrest), and (4) use of excessive force.  Plaintiff's fifth

20  Section 1983 claim is specifically asserted pursuant to *Monell v. Department of Social Services*

21  *of the City of New York*, 436 U.S. 658 (1978), stating a violation of his rights under the Fourth,

22  Fifth, Ninth, and Fourteenth Amendments.  Plaintiff finally asserts state-law claims of

23  intentional infliction of emotional distress, assault and battery, negligence, and false

24  imprisonment.  Plaintiff seeks general damages "exceeding $25,000," special damages, punitive

25  damages, attorney's fees under Section 1988, and costs.

26          Defendants City and the SLPD move to dismiss.  The motion states that defendant

27  Officer Mally was never served with the complaint.  There is no proof of service of summons

28  on the docket, and Officer Mally does not join the motion.

United States District Court

For the Northern District of California

**ANALYSIS**

1

2       To survive a motion to dismiss, a complaint must contain sufficient factual matter,

3 accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft*

4 *v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient

5 factual allegations to draw a reasonable inference that the defendants are liable for the

6 misconduct alleged. While a court "must take all of the factual allegations in the complaint as

7 true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

8 at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory

9 allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

10 failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)

11 (citation omitted).

12      **A. SECTION 1983 CLAIMS**

13       "[A] local government may not be sued under § 1983 for an injury inflicted solely by its

14 employees or agents. Instead, it is when execution of a government's policy or custom, whether

15 made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

16 policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*,

17 436 U.S. at 694. "[I]n order to establish an official policy or custom sufficient for *Monell*

18 liability, a plaintiff must show a constitutional right violation resulting from (1) an employee

19 acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a

20 longstanding practice or custom; or (3) an employee acting as a "final policymaker." *Delia v.*

21 *City of Rialto*, 621 F.3d 1069, 1081–82 (9th Cir. 2010) (citations omitted).

22       A Section 1983 claim against a local government entity based on inaction must establish

23 that (1) the plaintiff "possessed a constitutional right of which he was deprived," (2) "the

24 municipality had a policy," (3) "this policy amounts to deliberate indifference to the plaintiff's

25 constitutional right," and (4) "the policy is the moving force behind the constitutional

26 violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v.*

27 *Harris*, 489 U.S. 378, 389–91 (1989)) (internal quotation marks omitted). "A failure to train or

28 supervise can amount to a 'policy or custom' sufficient to impose liability on the County."

3

*Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *City of Canton*, 489 U.S. at 389–90).

As reviewed above, plaintiff's first through fourth claims for relief are brought against all defendants under Section 1983 for alleged violations of his Fourth and Fourteenth Amendment rights.  These claims are based on factual allegations of the actions of an *employee* of the City and the SLPD.  As a matter of law, the City and the SLPD cannot be held liable under Section 1983 for any alleged unconstitutional actions of an employee, but rather only for constitutional violations caused by their own policy, custom, or practice.

On the other hand, plaintiff's fifth claim for relief specifically invokes *Monell*.  The total of the complaint's allegations as to the policy or practice involved here include that "high-ranking members" of the City and the SLPD allegedly "approved, ratified, condone [sic], encouraged, and sought to cover up and or tacitly authorize the continuing pattern and practice of misconduct and/or civil rights violations of its officers" (First Amd. Compl. ¶ 33), and that defendants failed to "train, supervise, and discipline" officers and that "[t]his lack of adequate supervisorial training demonstrates the existence of an informal custom, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference" continued violations of detainees' constitutional rights (*id.* ¶ 21).  Plaintiff alleges that his Fourth, Fifth, Ninth, and Fourteenth Amendment rights were violated on this basis.

Again, in addition to alleging a deprivation of constitutional rights, plaintiff must also allege that a policy, custom, or practice of defendants caused that deprivation.  Plaintiff fails this threshold pleading requirement.  Plaintiff's allegations of a custom, policy, or practice are impermissibly vague and unspecific.  Plaintiff does not refer to any specific custom, policy, or practice that caused his alleged deprivation of rights.  Plaintiff avers, in a conclusory fashion, that his rights were violated and that such violation demonstrates the existence of a custom, policy, or practice.  Likewise, plaintiff makes no mention of how any failures in training defendants' employees caused the asserted constitutional violations.  These allegations are insufficient under Rule 12(b)(6) to state a Section 1983 claim against the City or the SLPD.

4

1    Therefore, the motion to dismiss claims one through five for violations of Section 1983, as

2    brought against the City and the SLPD, is **GRANTED**.

3        **B.        STATE-LAW CLAIMS**

4        Public entities in California are not liable for state-law tort claims for any injuries

5    caused by their conduct except where such liability is expressly authorized by statute.  CAL.

6    GOV'T CODE 815.2; *see also Guzman v. County of Monterey*, 46 Cal. 4th 887, 897 (2009).

7    Plaintiff brings his sixth through ninth claims for intentional infliction of emotional distress,

8    assault and battery, negligence, and false imprisonment, respectively.  Plaintiff pleads neither

9    any particular statute that would abrogate the City's or the SLPD's statutory immunity from

10   common-law torts, nor does the complaint state factual allegations in support of these claims

11   against the City and the SLPD.  Plaintiff agrees with defendants that the sixth through ninth

12   claims against the City and the SLPD should be dismissed, but reserves them against defendant

13   Officer Mally.  Therefore, the motion to dismiss plaintiff's sixth through ninth claims for relief

14   against the City and the SLPD is **GRANTED**.

15                        *        *        *

16       In their motion, the City and the SLPD request that the complaint's prayer for punitive

17   damages be stricken as against them, because, as public entities, punitive damages are

18   unavailable against them.  *See* CAL. GOV'T CODE 818 (public entities are not liable for damages

19   "imposed primarily for the sake of example and by way of punishing the defendant");

20   *McAllister v. S. Coast Air Quality Mgmt. Dist.*, 183 Cal. App. 3d 653 (1986); *City of Newport v.*

21   *Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (no punitive damages for Section 1983 claims).

22   Plaintiff agrees that punitive damages are unavailable against the City and the SLPD, but

23   reserves its request with respect to defendant Officer Mally.  The complaint's prayer for

24   punitive damages as to the City and the SLPD is therefore **STRICKEN**.

25       Defendants' motion for a more definite statement is **DENIED AS MOOT**.

26

27

28

**United States District Court**
For the Northern District of California

5

**United States District Court**
For the Northern District of California

1

**CONCLUSION**

2    For the foregoing reasons, the motion to dismiss the complaint is **GRANTED** as to the

3  City and the SLPD.  As Officer Mally is not a movant, all claims remain against him (though he

4  has not appeared and may not have been served).

5    Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR**

6  **DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave

7  to file an amended complaint.  A proposed amended complaint must be appended to the motion.

8  The motion should clearly explain how the amendments to the complaint cure the deficiencies

9  identified herein.

10

11    **IT IS SO ORDERED.**

12

13  Dated:  July 15, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6