IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES DIAS,

    Plaintiff,

  v.

CITY OF SAN LEANDRO, the SAN LEANDRO POLICE DEPARTMENT, and OFFICER DENNIS MALLY, individually and in his official capacity as police officer for SAN LEANDRO,

    Defendants.

No. C 11-01966 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND VACATING HEARING**

### INTRODUCTION

In this Section 1983 action, plaintiff moves for leave file a second amended complaint. For the following reasons, plaintiff's motion is **GRANTED**.

### STATEMENT

Plaintiff James Dias filed his initial complaint against the City of San Leandro, the San Leandro Police Department, and San Leandro Police Officer Dennis Mally in April 2011. After a first amended complaint was filed, defendants the City and SLPD moved to dismiss plaintiff's claims against them for failure to state a claim upon which relief can be granted. Officer Mally has not appeared and may not have been served (there is no proof of service of summons on the docket) and thus did not move to dismiss any claims. An order dated July 15 granted the City and SLPD's motion. It further set a deadline by which plaintiff could file a motion for leave to file an

amended complaint. Defendants the City and SLPD oppose the instant motion. Officer Mally still has not appeared.

## ANALYSIS

Leave to amend a deficient complaint should be freely given when justice so requires, but leave may be denied if amendment of the complaint would be futile. FRCP 15(a)(2); *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

### A. SECTION 1983 CLAIM

As stated in the order granting defendants' motion to dismiss, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). "[I]n order to establish an official policy or custom sufficient for *Monell* liability, a plaintiff must show a constitutional right violation resulting from (1) an employee acting pursuant to an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; or (3) an employee acting as a 'final policymaker.'" *Delia v. City of Rialto*, 621 F.3d 1069, 1081–82 (9th Cir. 2010) (citations omitted).

A Section 1983 claim against a local government entity based on inaction must establish that (1) the plaintiff "possessed a constitutional right of which he was deprived," (2) "the municipality had a policy," (3) "this policy amounts to deliberate indifference to the plaintiff's constitutional right," and (4) "the policy is the moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)) (internal quotation marks omitted). "A failure to train or supervise can amount to a 'policy or custom' sufficient to impose liability on the County." *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *City of Canton*, 489 U.S. at 389–90).

Defendants' motion to dismiss plaintiff's Section 1983 claim against the City and SLPD was granted on the ground that plaintiff failed to allege with sufficient particularity a specific

policy, custom, or practice, and how such policy, custom, or practice caused the violation of his constitutional rights:

> Plaintiff's allegations of a custom, policy, or practice are impermissibly vague and unspecific. Plaintiff does not refer to any specific custom, policy, or practice that caused his alleged deprivation of rights. Plaintiff avers, in a conclusory fashion, that his rights were violated and that such violation demonstrates the existence of a custom, policy, or practice. Likewise, plaintiff makes no mention of how any failures in training defendants' employees caused the asserted constitutional violations. These allegations are insufficient under Rule 12(b)(6) to state a Section 1983 claim against the City or the SLPD.

(Dkt. No. 21 at 4).

Plaintiff's proposed second amended complaint cures these deficiencies. The proposed complaint alleges that the City and SLPD "do not provide police officers under their supervision any guidance, training, preparation or other instructions regarding . . . [t]he proper implementation of the use of proper force, whether it be during an arrest, in self-defense, or otherwise . . . [or] [h]ow and when to execute a lawful arrest for the offense under state law prohibiting being publicly intoxicated" (Dkt. No. 24-1 ¶ 21). The proposed complaint thus alleges a specific failure to train, which may give rise to Section 1983 liability. *Anderson*, 451 F.3d at 1070.

Furthermore, plaintiff's proposed complaint sufficiently alleges that the policy was the "moving force behind the constitutional violation." *Oviatt*, 954 F.2d at 1474. Plaintiff alleges that he was subjected to excessive force and illegal arrest in violation of his rights under the Fourth and Fourteenth Amendments, that the City and SLPD failed to train their officers in proper use of force and in making lawful arrests for public intoxication, and that such policy led to his being subjected to excessive force and illegal arrest (*see* Dkt. No. 24-1 ¶¶ 18, 23, 26). This is sufficient to state a claim against the City and SLPD under Section 1983.

The City and SLPD oppose the instant motion by arguing that the proposed second amended complaint fails because (i) it does not specify "which clause" of the Fourth and Fourteenth Amendments "is at issue," and (ii) it does not allege facts which demonstrate that a deficient policy was the moving force behind any of the alleged incidents of excessive force. These challenges fail.

3

The proposed second amended complaint asserts a Fourth Amendment violation. The Fourth Amendment is "made applicable to the States by the Fourteenth Amendment." Therefore, "that Amendment [the Fourth Amendment], not the more generalized notion of 'substantive due process,' must be the guide for analyzing" a Section 1983 claim. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (citations omitted). Defendants misread the proposed complaint in asserting that no specific constitutional provision is relied upon by the Section 1983 claim.

In addition, defendants' argument that "Plaintiff cannot show that a City policy was the moving force that caused the alleged excessive force claim" (Opp. 6), is simply a fact argument. It is irrelevant in considering whether it would be futile to allow plaintiff to file his second amended complaint. Contrary to defendants, plaintiff has now identified in his proposed complaint two customs, policies, or practices that allegedly caused deprivation of his rights.

### B. CLAIMS AGAINST OFFICER MALLY

The order granting defendants' motion to dismiss the first amended complaint specifically stated that all of plaintiff's claims brought against Officer Mally remained. Plaintiff's proposed second amended complaint asserts its Section 1983 claim against all defendants, and brings four additional claims *only* against Officer Mally: (1) intentional infliction of emotional distress, (2) "assault and battery" (pled as assault), (3) battery, and (4) "false arrest without warrant by peace officer." Plaintiff's negligence claim is no longer included, nor is his false imprisonment claim. The City and SLPD argue that the state-law claims pled only against Officer Mally fail to state a claim upon which relief can be granted.

The City and SLPD ignore a key difference between the first amended and proposed second amended complaints: the state-law claims in the first amended complaint were brought against *all* defendants, while in the proposed complaint they are brought against Officer Mally *only*. Officer Mally does not oppose plaintiff's motion for leave file a second amended complaint and has not appeared. This order does not affect his right to challenge the complaint in due course if and when he appears.

4

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint is **GRANTED**. Plaintiff shall file the proposed second amended complaint on the docket as his second amended complaint within **FOUR CALENDAR DAYS** of this order. The hearing set for September 8 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 29, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE